UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA                      :
                                              :
            v.                                :
                                              :         **MEMORANDUM AND ORDER**
                                              :
DARIAN WEBSTER,                               :         13-CR-349
                                              :
            Defendant.                        :
-----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Defendant Darian Webster ("Defendant") pled guilty to one count of Narcotics Distribution Conspiracy and one count of Use of Firearm in Connection with a Drug Trafficking Crime on April 20, 2015. ECF Nos. 53 ("Guilty Plea"), 54 ("Plea Agreement"). The Court now provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons below, Defendant is hereby sentenced to ninety-three months of imprisonment to be followed by five years of supervised release, with no fine. The Court also orders Defendant to pay the $200.00 mandatory assessment fee.

## BACKGROUND

On May 14, 2013, a Complaint was filed against Defendant detailing the instant offense. ECF No. 1. The same day, Magistrate Judge Marilyn Go issued an arrest warrant for Defendant, ECF No. 2, and Defendant appeared for an arraignment before Magistrate Judge Robert Levy, during which the Court entered a permanent order of detention, ECF Nos. 4-5. On May 17, 2013, Defendant appeared for a detention hearing before Magistrate Judge Marilyn Go, during which the Court denied bail and entered an order of detention. ECF Nos. 7-8.

On July 2, 2013, a Superseding Indictment was filed, charging Defendant with one count of Narcotics Distribution Conspiracy under 21 U.S.C. §§ 846, 841(b)(1)(D) and 18 U.S.C. § 3551 *et seq.*, and one count of Use of Firearm under 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 *et seq.* ECF No. 15 ("Superseding Indictment") at

1

1-2. The Superseding Indictment included criminal forfeiture allegations for both counts. *Id.* at 2-4. On August 23, 2013, Defendant appeared for an arraignment on the Superseding Indictment, this time before Magistrate Judge Vera Scanlon, during which Defendant pled not guilty on all counts. ECF No. 19.

On April 20, 2015, Defendant pled guilty to both counts of the Superseding Indictment: (1) Narcotics Distribution Conspiracy and (2) Use of Firearm in Connection with a Drug Trafficking Crime. Guilty Plea at 1; Plea Agreement at 1-2.

For the reasons set forth below, the Court sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the Section 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. When the District Court chooses to impose a sentence outside of the Sentencing Guidelines range, the Court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The Court must "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.* "The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under [Section] 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal quotation marks and citation omitted). The Court addresses each of the 18 U.S.C. § 3553(a) factors in turn.

## II. Analysis

### 1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first 18 U.S.C. § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the [D]efendant." 18 U.S.C. § 3553(a)(1). Based on these factors, the sentence is justified.

#### a. History and Characteristics of Defendant

Defendant was born on July 29, 1982, in New York, New York, to Rudolph Webster and Marjorie Webster. ECF No. 56 ("PSR") ¶ 46. Defendant attended school until the eleventh grade, eventually aged-out of high school, and took a pre-GED exam, which he did not pass. *Id.* ¶ 70; ECF No. 59 ("Addendum to PSR") at 1. Defendant has nine children from five relationships. PSR ¶ 51. Defendant maintains good relationships with his parents, who are aware of the instant offense and remain supportive. *Id.* ¶ 46.

Defendant reported to Pretrial Services that he was shot twice in approximately 2009 and 2010. *Id.* ¶¶ 62-63. The shooter was never arrested. *Id.* Defendant maintains that he suffers tingling in his head, dizziness, and short-term memory loss from the second shooting. *Id.* ¶ 63.

Defendant also reported to Pretrial Services that he consumes alcohol only on special occasions, but that when he does, he most often becomes intoxicated. *Id.* ¶ 68. Defendant also reported that between 1997 and the instant arrest, he smoked marijuana approximately four times per week. *Id.* ¶ 69.

Defendant has a long history of repeated instances of criminal conduct. On April 10, 2001, at age eighteen, Defendant was arrested and later convicted of Criminal Possession of Marijuana in the Fifth Degree in Criminal Court in Brooklyn, New York. *Id.* ¶ 32. The criminal complaint reflects that the arresting officer recovered crack cocaine from Defendant's person at

3

the time of arrest, Addendum to PSR at 1, and the arrest report reflects that Defendant sold crack cocaine to another individual, PSR ¶ 32. Defendant was sentenced to one year conditional discharge and five days of community service. *Id.*

A few months later, on July 21, 2001, Defendant was arrested and later convicted of Criminal Sale of Controlled Substance in the Third Degree in Supreme Court in Brooklyn, New York. *Id.* ¶ 33. The arrest report reflects that Defendant sold a controlled substance to a NYPD undercover detective. *Id.* Defendant was adjudicated as a youthful offender, and was sentenced to five years of probation starting on December 3, 2001. *Id.* On August 13, 2003, Defendant's supervision was revoked on a technical violation. *Id.*

On September 8, 2002, Defendant was arrested and later convicted of Petit Larceny in Supreme Court in Brooklyn, New York. *Id.* ¶ 34. The arrest report and the local presentence report detail that Defendant and two others were in possession of a loaded firearm when they forcibly removed the victim's wallet and attempted to gain entry into the victim's residence. *Id.* Defendant was sentenced on August 7, 2003 to three years of probation, and a three year order of protection was imposed. *Id.* The records reflect that Defendant was supervised by Kings County Probation from August 7, 2003 to February 15, 2005, when his supervision was revoked on a technical violation. *Id.* On February 15, 2005, Defendant was returned on a warrant and resentenced to six months of custody for his violation of probation. *Id.*

Defendant was arrested again on December 27, 2003, and convicted for Attempted Criminal Possession of a Weapon in the Fourth Degree in Criminal Court in Brooklyn, New York. *Id.* ¶ 35. According to the arrest report, Defendant was in possession of a gravity knife and marijuana. *Id.* When the police officers attempted to arrest Defendant, he flailed his arms and punched and elbowed the arresting officer in the body, face, and hands, causing swelling and

contusions of the police officer's hands. *Id.* In addition, Defendant called for help, causing a crowd of approximately twenty people to gather around. Addendum to PSR at 1. On October 19, 2004, Defendant was sentenced to ninety days' custody. PSR ¶ 35.

On August 22, 2007, during the execution of a search warrant, Defendant was found in possession of a loaded firearm, marijuana, and drug paraphernalia at the address of record. *Id.* ¶ 36. The criminal complaint reflects that over twenty-five grams of marijuana was recovered. Addendum to PSR at 1. Defendant was convicted of Criminal Possession of Marijuana in the Fifth Degree in Criminal Court in Brooklyn, New York. PSR ¶ 36. On April 24, 2009, Defendant was sentenced to time served and a six-month suspension of his license. *Id.*

On May 10, 2008, Defendant was arrested and later convicted in Criminal Court in Brooklyn, New York for Driving While Intoxicated. *Id.* ¶ 37. The arrest report reflects that Defendant was driving a vehicle on the sidewalk in Brooklyn. *Id.* The criminal complaint further reports that the arresting officer conducted a traffic stop of Defendant's vehicle after he swerved the vehicle onto the sidewalk. Addendum to PSR at 1. Defendant exhibited signs of intoxication, and a bottle of Hennessy was recovered from under the driver's seat in the vehicle. *Id.* On July 17, 2009, Defendant was conditionally discharged, entered into an alcohol abuse program, and sentenced to pay a $500.00 fine and a revocation of his license. PSR ¶ 37. On September 29, 2010, Defendant was resentenced to one-hundred five days of custody for violating his conditional discharge. *Id.*

Defendant was arrested again on December 20, 2011 and convicted for Resisting Arrest in Criminal Court in Brooklyn, New York. *Id.* ¶ 38. According to the arrest report, police officers observed Defendant making an illegal U-turn while driving an ATV on the street, in an

attempt to avoid a police checkpoint. *Id.* Defendant crashed into a building when attempting to flee. *Id.* On February 14, 2012, Defendant was conditionally discharged for one year. *Id.*

In addition, Defendant has not filed income tax returns for the years 2002 to 2011. *Id.* ¶ 42. Even though Defendant has not been convicted for this, the Court notes that Defendant's failure to file his income tax returns is a violation of federal and state law.

Based on the above, it is clear that Defendant's extensive criminal record and characteristics, in addition to his disregard for the laws of the United States and, weigh in favor of a significant incarceration sentence.

### b. Nature and Circumstances of the Offense

Defendant's instant offense arises out of his most recent arrest on January 18, 2013 in Brooklyn, New York. *Id.* ¶ 7. On January 17, 2013, New York Police Department ("NYPD") officers heard gunshots near 417 East 51st Street in the Flatbush section of Brooklyn, New York. *Id.* ¶ 5. A police officer observed an individual, later identified as Defendant, standing on the roof a garage next to the house, with his arm raised in the air, and holding an object that was later identified as a firearm. *Id.* The police officer ordered Defendant not to move. *Id.* The police officers observed Defendant drop the firearm, which slid down the roof and landed on the ground, where the police officers recovered the gun. *Id.*

The police officers then observed Defendant jump from the roof and enter into the house of record. *Id.* ¶ 6. The Emergency Services Unit ("ESU") of the NYPD then arrived at the scene to help pursue Defendant. *Id.* While searching for Defendant, the police officers noticed the strong order of marijuana from the residence and observed in plain view large quantities of marijuana on the basement floor and in an open closet, a scale, and one or more bullet-resident

vests. *Id.* The police officers did not find Defendant, but removed three occupants from the residence. *Id.*

On January 18, 2013, the officers executed a search warrant at the residence. *Id.* ¶ 7. The police officers found in the basement at least ten kilograms of marijuana, four bullet-resistant vests, and three scales. *Id.* In the second-floor bedroom of the resident, the police officers found several pieces of mail addressed to Defendant, three handguns and approximately $58,328.00 inside the safe, and a fourth handgun inside a dresser drawer. *Id.*

The police officers seized the following five firearms through their investigation of this instant action: (1) Smith & Wesson revolver, (2) Keltec P3AT handgun, (3) AMT Back-Up handgun, (4) Remington 870 handgun, and (5) Colt Trooper 54962 handgun. *Id.* ¶ 9.

On May 8, 2013, Defendant was arrested in relation to this incident and the items were seized. *Id.* ¶ 10. Defendant was charged with Criminal Possession of a Weapon in the Second Degree, Attempted Criminal Possession of Marijuana in the First Degree, Criminal Use of Drug Paraphernalia in the Second Degree, Attempted Unlawful Wearing of a Body Vest, and Attempted Criminal Possession of a Weapon in the Fourth Degree. *Id.* ¶ 44. On May 14, 2013, Defendant was transferred to federal custody for prosecution of these offenses. *Id.* ¶¶ 10, 44.

On balance, the gravity of the nature and circumstances of the instant offense weigh in favor of a heavy sentence of incarceration.

### 2. The Need for the Sentence Imposed

The second 18 U.S.C. § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the

defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). The Court addresses each subsection in turn.

### a. Reflecting the Seriousness of the Offense, Promoting Respect for the Law, and Providing Just Punishment

The Court finds a significant sentence is necessary to accomplish the purposes of reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). Defendant's criminal conduct is lengthy, systematic, and troubling. Defendant has seven prior convictions for criminal possession of marijuana, criminal sale of a controlled substance, petit larceny, attempted possession of a weapon, driving while intoxicated, and resisting arrest. Defendant has received sentences, primarily probation and conditional discharge, for his serious crimes. The few custodial sentences that Defendant has received were for violating probation and lasted no more than six months. Defendant's extensive criminal record demonstrates a total disregard for the laws of the United States and the safety of its citizens. The severity of Defendant's actions demonstrate that a weighty prison term is necessary to provide just punishment in the instant action.

### b. Affording Adequate Deterrence to Criminal Conduct

"Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." *Davis*, 2010 WL 1221709 at *2. The Court finds a significant sentence of incarceration is necessary to afford adequate deterrence, both specific and general, to criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B). Regarding specific deterrence, Defendant is a career criminal who has flouted the law since the age of eighteen. Defendant's persistent criminality after multiple convictions indicates that he is in need of lengthy incapacitation to deter him from continuing this criminal activity. *See United States v. Park*, 758 F.3d 193, 201 (2d Cir. 2014)

(noting particular need for incapacitation and specific deterrence given defendant's continued criminal activity after prior convictions). Regarding general deterrence, the Court finds that a significant sentence will discourage convicted felons from using firearms and conspiring to distribute narcotics in contravention of federal law.

### c. Protecting the Public from Further Crimes of the Defendant

As noted above, Defendant is a career criminal whose offenses include the possession of marijuana, the criminal sale of controlled substances, petit larceny, driving while intoxicated, resisting arrest, and criminal possession of deadly weapons. The only way to protect the public from Defendant's continued pursuit of criminal activity is to incarcerate him for a significant period of time.

### d. Providing Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

Defendant does not require additional educational or vocational training, medical care, or other correctional treatment. Accordingly, this factor is not relevant.

## 3. The Kinds of Sentences Available

The third Section 3553(a) factor requires the Court to discuss "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3). In this case, Defendant pled guilty to two counts: (1) Narcotics Distribution Conspiracy, and (2) Use of Firearm in Connection with a Drug Trafficking Crime. Guilty Plea at 1; Plea Agreement at 1-2.

Count One for Narcotics Distribution Conspiracy carries a maximum imprisonment term of five years, 21 U.S.C. § 841(b)(1)(D), and a maximum fine of $250,000.00, 21 U.S.C. § 841(b)(1)(D). Count One carries a minimum supervised release term of two years and a maximum supervised release term of life, to follow any term of imprisonment, with a sentence

up to two years without credit for pre-release imprisonment or time previously served on post-release supervision for any violation of a condition of release. 18 U.S.C. § 3583(e); 21 U.S.C. § 841. Defendant is ineligible for probation under Count One because Defendant has been sentenced at the same time to a term of imprisonment for different offenses. *See* 18 U.S.C. § 3561(a)(3).

Count Two for Use of a Firearm in Connection with a Drug Trafficking Crime carries a maximum imprisonment term of life, 18 U.S.C. § 924(c), and a maximum fine of $250,000.00, 18 U.S.C. § 3571(b). Count Two also carries a maximum supervised release term of five years, to follow any term of imprisonment. 18 U.S.C. § 3583(b), (e). If a condition of release is violated, Defendant may be sentenced up to five years without credit for pre-release imprisonment or time previously served on post-release supervision. *Id.* Defendant is ineligible for probation under Count Two because it is expressly prohibited by law. *See* 18 U.S.C. § 3561(a)(2).

Defendant is required to pay the special assessment of $200.00 ($100.00 for each count). 18 U.S.C. § 3013. Restitution is not applicable in this case. *See* 18 U.S.C. § 3663.

Accordingly, the sentence that the Court imposed falls within the kinds of sentences available to Defendant.

### 4. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses

The fourth Section 3553(a) factor requires the Court to detail "the kinds of sentence and the sentencing range established for[] the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" 18 U.S.C. § 3553(a)(4)(A).

Count One carries a base offense level of fourteen under Guideline § 2D1.1(a)(5), which governs offenses under 21 U.S.C. § 846 involving at least ten kilograms and less than twenty

kilograms of marijuana, and by reference to Guideline § 2D1.1(c)(13). *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") §§ 2D1.1(a)(5), 2D1.1(c)(13). With regard to Count Two, Guideline § 2K2.4(b) directs that the statutory minimum term of imprisonment of five years, to run consecutively to any other term of imprisonment, should be imposed for offenses arising under 18 U.S.C. § 924(c). *See* U.S.S.G. § 2K2.4(b). Counts One and Two cannot be grouped because Count Two carries a mandatory consecutive term of at least five years and is, therefore, precluded from the application of the multiple-count rules. *See id.* §§ 3D1.2, 3D1.1(b). The Guidelines permit a decrease of two offense levels because Defendant has demonstrated acceptance of responsibility for the offense by pleading guilty. *See id.* § 3E1.1(a). Taking into account this adjustment, Defendant's total offense level is twelve.

Defendant has a criminal history category of V. Defendant's prior criminal convictions result in a subtotal criminal history category of eight. *See* PSR ¶¶ 32-38. In addition, Defendant committed the instant offense while under a criminal justice sentence, which adds two criminal points. *See* U.S.S.G. § 4A1.1(d). Specifically, Defendant was sentenced to one year of conditional discharge for his conviction of Resisting Arrest on February 14, 2012, and carried out this sentence during the time period of the instant offense, which was from August 2007 to January 2013. *See* PSR ¶¶ 1-2, 38, 40. In sum, Defendant has a total criminal history score of ten, which corresponds to a criminal history category of V. *See* U.S. Sentencing Guidelines Manual Sentencing Table (U.S. Sentencing Comm'n 2015).

The Court disagrees with Defendant's arguments that Defendant's criminal history category should be III, not V. First, Defendant argues that Defendant's first two criminal convictions for Criminal Possession of Marijuana in the Fifth Degree resulting from his April 10, 2001 arrest, and for Criminal Sale of Controlled Substance in the Third Degree resulting from his

July 21, 2001 arrest, should not count towards his criminal history category under Guideline § 4A1.2(d) because they occurred "at the age of 18." ECF No. 64 ("Def. Memo") at 1-2. The Court finds, however, that Guideline § 4A1.2(d) applies to "offenses committed *prior* to age eighteen," U.S.S.G. § 4A1.2(d) (emphasis added), and that these two convictions occurred *after* Defendant turned eighteen years old, *see* PSR ¶¶ 32-33, 46. Second, Defendant argues that the Court should exclude the two criminal history points that were added because the instant offense was committed while Defendant was under a criminal justice sentence, pursuant to Guideline § 4A1.1(d). Def. Memo at 2. Defendant contends that he was "not under a criminal justice sentence" at the time of the instant offense and that his sentence of conditional discharge was "not a term of unsupervised probation." *Id.* The Second Circuit has held, however, that a sentence of conditional discharge is, in fact and in law, a "criminal justice sentence" within the meaning of Guideline § 4A1.1(d). *See United States v. Labella-Szuba*, 92 F.3d 136, 138 (2d Cir. 1996) (upholding increase of two criminal history points under Guideline § 4A1.1(d) when the defendant committed the instant offense while serving conditional discharge sentence for another offense).

Accordingly, with Defendant's total offense level of twelve and his criminal history category of V, Defendant's guidelines sentencing range is twenty-seven to thirty-three months of incarceration. However, because Count Two carries a mandatory minimum imprisonment term of sixty months, which must run consecutively, the applicable range for sentencing is eighty-seven to ninety-three months of incarceration. Defendant is eligible for a supervised release term of two to three years for Count One, U.S.S.G. §§ 5D1.2(a)(2), 5D1.2(c), and for a supervised release term of two to five years for Count Two, *id.* § 5D1.2(a)(1). Defendant is ineligible for probation under Count One because Defendant was sentenced to a term of imprisonment at the

same time for a different offense, *id.* § 5B1.1(b)(3), and ineligible for probation under Count Two because probation is expressly precluded by statute, *id.* § 5B1.1(b)(2). The Guidelines establish a fine range of $5,500 to $55,000, *id.* § 5E1.2(c)(3), but Pretrial Services reported that Defendant appears unable to pay a fine, PSR ¶ 79.

### 5. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth Section 3553(a) factor requires the Court to evaluate "any pertinent policy statement [] issued by the Sentencing Commission[.]" 18 U.S.C. § 3553(a)(5). There are no pertinent policy statements with respect to Defendant's particular criminal conduct, and therefore this factor is not relevant.

### 6. The Need to Avoid Unwarranted Sentence Disparities

The sixth Section 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Defendant pled guilty to Narcotics Distribution Conspiracy and Use of Firearm in Connection with a Drug Trafficking Crime, in violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1)(A)(i). Guilty Plea at 1; Plea Agreement at 1. Because the statutory maximum term of imprisonment for Use of Firearm in Connection with a Drug Trafficking Crime is life imprisonment, 18 U.S.C. § 924(c), a sentence of up to life imprisonment is not beyond the pale for Defendant's crime, and avoids disparities with other federal sentences which recognize the severity of such a crime.

### 7. The Need to Provide Restitution

Lastly, the seventh Section 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is not applicable in Defendant's case. *See* 18 U.S.C. § 3663. Accordingly, this factor is not relevant.

### CONCLUSION

Defendant has devoted his life to a life of crime. A sentence of ninety-three months of incarceration, to be followed by five years of supervised release, with no fine, and the $200.00 mandatory assessment fee, is appropriate and comports with the dictates of Section 3553. This sentence is consistent with, and sufficient but no greater than necessary to accomplish the purposes of 18 U.S.C. § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and the Addendums and imposes the special conditions of release recommended by the U.S. Probation Department.

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 22, 2016
      Brooklyn, New York